UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Civ. No. 3:12-cv-02049-AA |
| WILLIAMS, LOVE, O'LEARY & POWERS, P.C., | Bankr. Case. No. 11-37021-elp |
| Debtor. | OPINION AND ORDER |
| HEATHER A. BRANN, | |
| Appellant, | |
| v. | |
| WILLIAMS, LOVE, O'LEARY & POWERS, P.C., and STERLING SAVINGS BANK, | |
| Appellees. | |

AIKEN, Chief Judge:

    Appellant Heather Brann appeals a decision of the United States Bankruptcy Court overruling her objection to the post-petition interest rate applicable to her allowed contract claims.

1   - OPINION AND ORDER

After review of the Bankruptcy Court's decision and the parties' arguments, I affirm the decision.

## FACTUAL BACKGROUND

This is an appeal of a ruling in a Chapter 11 bankruptcy proceeding. Debtor-Appellee Williams, Love, O'Leary & Powers, P.C. (WLOP) is a law firm specializing in medical and pharmaceutical products liability and mass tort litigation. As pertinent to this appeal, WLOP represented over one hundred clients in products liability cases involving medical devices known as pain pumps.

Appellant is an attorney licensed to practice law in Oregon who entered into a contractual agreement with WLOP to provide legal services in pain pump cases. Appellant's agreement provided that WLOP would pay Appellant hourly rates for her services, along with enhanced hourly rates if WLOP obtained favorable settlements or judgments in a certain number of cases.

On December 31, 2010, WLOP terminated Appellant's agreement pursuant to its terms. At that time, WLOP had paid Appellant the full amount of her hourly fees; however, WLOP maintained that it did not have sufficient funds to pay Appellant her enhanced fees. In June 2011, Appellant filed suit against WLOP to recover these fees.

In August 2011, WLOP filed a voluntary bankruptcy proceeding under Chapter 11, and Appellant submitted claims for her enhanced hourly fees. Appellant asserted that they were secured claims; in

2   - OPINION AND ORDER

a related adversary proceeding, the Bankruptcy Court ruled that they were unsecured, and this court affirmed that ruling. Subsequently, the Bankruptcy Court allowed Appellant's claims in an amount determined by the court, including pre-petition interest at the rate specified in her agreement with WLOP (the contractual rate).

On August 8, 2012, WLOP submitted its Third Amended Plan of Reorganization, which provided for payment of unsecured creditors in full, with post-petition interest at the federal judgment rate. Appellant objected and claimed that post-petition interest on her claims should be paid according to the contractual rate.

The Bankruptcy Court overruled Appellant's objection and confirmed WLOP's plan. Appellant then filed this appeal.[1]

## DISCUSSION

This court reviews the Bankruptcy Court's conclusions of law de novo. In re Schwarzkopf, 626 F.3d 1032, 1035 (9th Cir. 2010).

The sole issue presented is whether Appellant should recover post-petition interest on her claims at the federal judgment rate or at the contractual rate set forth in the parties' underlying agreement, which is the state law rate of interest. I find that

---

[1] Appellant initially raised numerous grounds in her appeal. However, pursuant to a stipulation of the parties, this appeal is now limited to the issue of whether Appellant should have been awarded post-petition interest at the contractual rate rather than the federal judgment rate. See Joint Stipulation Limiting Issues on Appeal (doc. 493).

3    - OPINION AND ORDER

this court is bound by the Ninth Circuit's ruling in <u>In re Cardelucci</u>, 285 F.3d 1231 (9th Cir. 2002) and affirm the Bankruptcy Court.

In <u>Cardelucci</u>, the Ninth Circuit addressed the specific issue raised here: "This appeal presents the narrow but important issue of whether such post-petition interest is to be calculated using the federal judgment interest rate or is determined by the parties' contract or state law." <u>Id.</u> at 1233. The court recognized that "[w]here a debtor in bankruptcy is solvent, an unsecured creditor is entitled to 'payment of interest at the legal rate from the date of the filing of the petition[.]'" <u>Id.</u> at 1234 (quoting 11 U.S.C. § 726(a)(5)). The Ninth Circuit noted that the Bankruptcy Code did not define the phrase "interest at the legal rate" in § 726(a)(5), and that bankruptcy court rulings were divided on this issue:

> [B]ankruptcy courts have split over the correct interpretation of this phrase, finding that it either means one single rate as determined by 28 U.S.C. § 1961(a) (the "federal judgment rate approach") or is based on a contract rate or applicable state law (the "state law approach").

<u>Id.</u> (citing cases).

Ultimately, the Ninth Circuit agreed with a decision of the Bankruptcy Appellate Panel (BAP) adopting the federal judgment rate approach. <u>Cardelucci</u>, 285 F.3d at 1234 (discussing <u>In re Beguelin</u>, 220 B.R. 94, 99 (B.A.P. 9th Cir. 1998)). Specifically, the Ninth Circuit found that "principles of statutory interpretation lend strong support to the conclusion that Congress intended 'interest

4    - OPINION AND ORDER

at the legal rate' in 11 U.S.C. § 726(a)(5) to mean interest at the federal statutory rate[.]" Id. The court also invoked policy interests, reasoning that "the federal rate promotes uniformity within federal law," and that "applying a single, easily determined interest rate to all claims for post-petition interest ensures equitable treatment of creditors." Id. at 1235. Finally, the court noted that "application of the federal rate is the most judicially efficient and practical manner of allocating remaining assets." Id. at 1236. In sum, the Ninth Circuit unequivocally held that "11 U.S.C. § 726(a)(5) mandates application of the federal interest rate," and this court is bound by its holding. Id. at 1233.

Appellant nonetheless argues that Cardelucci's analytical approach was rejected and implicitly overruled by the Supreme Court in Travelers Cas. & Surety Co. v. Pac. Gas & Elec. Co., 549 U.S. 443 (2007), and by subsequent rulings of the Ninth Circuit. See In re SNTL Corp., 571 F.3d 826 (9th Cir. 2009) (per curiam) (affirming decision of BAP); Gen. Elec. Capital Corp. v. Future Media Prods., Inc., 536 F.3d 969 (9th Cir. 2008). I disagree.

In Travelers, the Supreme Court did not address or discuss the meaning of "interest at the legal rate" as provided in § 726(a)(5). Rather, the Court addressed the disallowance of attorneys fees in bankruptcy proceedings pursuant to the "so-called Fobian rule" that disallowed attorneys fees incurred for litigating issues "peculiar to federal bankruptcy law." Travelers, 549 U.S. at 451 (quoting In

5    - OPINION AND ORDER

re Fobian, 951 F.2d 1149, 1153 (9th Cir. 1991)). The Court noted that attorney fee claims were not categorically excepted under the Bankruptcy Code, and - because the Fobian rule had no basis in the Code - the Court held that the rule could not serve as the reason to disallow claims for attorney fees. Id. at 452-53.

In contrast, unlike the issue of attorney fees in Travelers, the allowance of post-petition interest is specifically governed by the Bankruptcy Code. Generally, unsecured claims for "unmatured interest" are not allowed, see 11 U.S.C. § 502(b)(2), unless the debtor is solvent. In that instance, § 726(a)(5) allows post-petition interest "at the legal rate," which is the federal judgment interest rate pursuant to Cardelucci. Therefore, Travelers has no application in this appeal.

The Ninth Circuit cases cited by Appellant are likewise unavailing. In re SNTL simply addressed the issue left unresolved in Travelers: whether an unsecured creditor's claim for post-petition attorney fees is disallowed under the Bankruptcy Code. In re SNTL, 571 F.3d at 839-40 ("This appeal presents a question currently pending before the Ninth Circuit: May an unsecured creditor include attorneys' fees incurred postpetition as part of its unsecured claim?"). Similarly, in Gen. Elec. Capital Corp., the Ninth Circuit did not address the "legal rate" of interest applicable to unsecured claims under § 726(a)(5) but rather the rate of interest applicable to secured claims "paid through the

6    - OPINION AND ORDER

sale of assets governed by § 363, *outside the context of a Chapter 11 plan*." Gen. Elec. Capital Corp., 536 F.3d at 973; see also 11 U.S.C. § 506(b)(2) (allowing secured creditors interest as "provided for under the agreement or State statute under which such claim arose"). Thus, these cases are inapposite to the issue raised in this appeal.

At the crux of Appellant's argument is the assertion that "there is no provision of the bankruptcy code that would alter [Appellant]'s claim for her contract rights to be enforced as they stand under state law and the terms of the contract, including the contracted-for interest rate of 9% simple interest." Opening Brief at 35. As explained above, Appellant is incorrect. Sections 502(b)(2) and 726(a)(5) of the Bankruptcy Code do, in fact, alter post-petition interest on unsecured claims and allow "interest at the legal rate." As held by Cardelucci, "interest at the legal rate" under § 726(a)(5) is the federal judgment rate of interest.

## CONCLUSION

For the reasons explained above, the decision of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

DATED this 3rd day of Sept., 2013.

_____
Ann Aiken
United States District Judge

7   - OPINION AND ORDER